IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MULTIPLAYER NETWORK INNOVATIONS, LLC,**<br><br>      *Plaintiff,*<br><br>    v.<br><br>**OL2, INC.,**<br><br>      *Defendant*. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Multiplayer Network Innovations, LLC ("MNI" or "Plaintiff"), by and through its counsel, for its complaint against Defendant OL2, Inc. ("Defendant" or "OL2"), alleges as follows:

## BACKGROUND

1. MNI holds U.S. Patent No. 5,618,045 (the, "MNI patent" or the, "'045 patent"), a patent invented by Dr. Michael Kagan and Ian Solomon.

2. Dr. Kagan is a noted scholar and inventor. He holds a PhD in chemistry from Hebrew University in Jerusalem and is the author of numerous books and journal articles relating to technology, chemistry, and religion. Dr. Kagan's articles have been published in the journals including Nature and the Journal of Medicinal Chemistry.

3. Dr. Kagan is the inventor of ten United States patents.

4. Ian Solomon is an inventor and entrepreneur who is the co-founder of medical device makers SteadyMed Therapeutics, Inc. and Aespira Ltd.

5. During the mid-1990's, Dr. Kagan and Mr. Solomon conceived of a way for electronic devices to communicate with one another for the playing of computer games.

6. Dr. Kagan and Mr. Solomon's idea was conceived in part against the backdrop of the conflict in the Middle East. The idea was to use wirelessly connected gaming devices to open up channels of communication between people with divergent views.

7. Among Dr. Kagan and Mr. Solomon's inventions are inventions relating to the use of a device to enable two or more people to play a game over a wireless network.

8. Dr. Kagan and Mr. Solomon's inventions have useful applications to fields such as video gaming hardware and software, smartphone hardware and software, and casino gaming hardware and software, among others.

9. Leading technology companies including Microsoft Corporation, Apple, Inc., Intel Corporation, Google Corporation, and Samsung Electronics Co. Ltd. have cited the MNI patent numerous times.

10. Over 325 issued United States patents cite the MNI patent.

11. OL2 has recognized Dr. Kagan and Mr. Solomon's inventions, including by citing the MNI patent as prior art in 13 United States patents.

12. Plaintiff is the owner by assignment of the MNI patent. The MNI patent is entitled "Interactive Multiple Player Game System and Method of Playing A Game Between at Least Two Players." The MNI patent issued on April 8, 1997, based on a patent application filed on February 8, 1995. A true and correct copy of the MNI patent is attached hereto as Exhibit A.

## PARTIES

13. Plaintiff is a Texas limited liability company.

14. On information and belief, OL2, Inc. is a Delaware corporation with a principal place of business at 1091 North Shoreline Blvd., Suite 100, Mountain View, California 94043. OL2 may be served with process via its registered agent for service of

process, Incorporating Services, Ltd., 3500 S. DuPont Highway, Dover, Delaware 19901.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has established minimum contacts with the forum state of Texas. Defendant, directly and/or through third-party intermediaries, makes, uses, imports, offers for sale, and/or sells products within the state of Texas, and particularly within the Eastern District of Texas. Thus, Defendant has purposefully availed themselves of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

17. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant is subject to personal jurisdiction in this District, has transacted business in this district and has committed acts of patent infringement in this district.

## COUNT I
### (Infringement of U.S. Patent No. 5,618,045)

18. Plaintiff MNI realleges and incorporates by reference paragraphs 1-17 above, as if fully set forth herein.

19. Defendant makes, uses, sells, and offers for sale in the United States products and/or services for multiplayer gaming.

20. OL2 has infringed indirectly and continues to infringe indirectly the '045 patent by active inducement under 35 U.S.C. § 271(b).

21. Upon information and belief, OL2 had knowledge of the '045 patent since at least as early as 2013. OL2 cited the '045 patent in the following U.S. Patents, which

issued in 2013: U.S. Patent Nos. 8,366,552, 8,526,490, and 8,606,942. Alternatively, upon information and belief, OL2 had knowledge of the '045 patent since at least as early as July 2014. OL2 cited the '045 patent in the following U.S. Patents, which issued in or before July 2014: U.S. Patent Nos. 8,711,923 and 8,769,594.

22. On information and belief, OL2 has intended and continues to intend, to induce patent infringement by third-party users of its OnLive Game System and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringement. For example, OL2 provides access to multiple online games on its OnLive Game System, as well as instructions on how to download and play the games in a manner that infringes the '045 patent to end users. By downloading and/or playing these games in the manner taught by OL2, end users directly infringe at least Claims 1 and 8 of the '045 patent. By continuing to provide these games as well as instructions on how to download and play the games in a manner described in Claims 1 and 8 of the '045 patent, OL2 has and continues to specifically intend to induce infringement of the '045 patent.

23. Since at least 2013, OL2 has been and still is willfully infringing the '045 patent. At least as early as 2013, OL2 had actual knowledge of the '045 patent. Despite having actual knowledge of the '045 patent, OL2 has continued to willfully, wantonly, and deliberately infringe the '045 patent. Accordingly, MNI seeks enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling MNI to its attorneys' fees and expenses.

24. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '045 patent.

25. As a result of Defendant's infringement of the '045 patent, MNI has suffered monetary damages. MNI seeks an award of damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty

for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A. A judgment that Defendant have infringed one or more claims of the '045 patent;

B. An award of damages resulting from Defendant's acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to MNI its reasonable attorneys' fees against Defendant;

D. A judgment and order requiring Defendant to provide accountings and to pay supplemental damages to MNI, including, without limitation, prejudgment and post-judgment interest; and

E. Any and all other relief to which MNI may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated:  August 6, 2014            Respectfully submitted,

    /s/ Elizabeth L. DeRieux
S. Calvin Capshaw
TX Bar No. 03783900
Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Of Counsel:
Marc A. Fenster,
CA SB No. 181067
Dorian S. Berger
CA SB No. 264424
Daniel P. Hipskind
CA SB No. 266763
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: mfenster@rawklaw.com
E-mail: dberger@raklaw.com
E-mail: dhipskind@raklaw.com

*Attorneys for Plaintiff,*
*Multiplayer Network Innovations, LLC*